# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**JOHN HOUTSMA,**

    **Plaintiff,**

**vs.**                                                                                       **Case No. 4:19cv130-RH/CAS**

**DONALD SAWYER, et al.,**

    **Defendants.**

**_____/**

## REPORT AND RECOMMENDATION

Judgment has been vacated in this case, ECF No. 10, and Plaintiff provided with another opportunity to litigate his claims. When Plaintiff initiated this case, he did not pay the filing fee or file an in forma pauperis motion. Plaintiff was directed to do one or the other by April 25, 2019, ECF No. 3, and to clarify his status at the Civil Commitment Center. *Id.* Plaintiff did not respond to that Order, so a Report and Recommendation was entered recommending dismissal. ECF No. 4. No objections were filed, and the Report and Recommendation was accepted and adopted on June 12, 2019. ECF Nos. 5, 6.

On July 2, 2019, Plaintiff belatedly submitted an in forma pauperis motion. ECF No. 7. The motion was referred to the undersigned, ECF No. 8, and granted. ECF No. 9. The Clerk of Court was then directed to notify District Judge Robert L. Hinkle of that action, *id.,* and the judgment was vacated. ECF No. 10.

Pursuant to the Order entered on August 13, 2019, Plaintiff was required to file a response concerning the issue of venue. ECF No. 9. Plaintiff has, once again, not responded to that Order.

Plaintiff's complaint, ECF No. 1, named several persons as Defendants. All of the Defendants are located in Arcadia, Florida, at the Florida Civil Commitment Center with Plaintiff. The claims raised concern events which took place at the Center as well. ECF No. 1. However, Arcadia is not within the territorial jurisdiction of this Court. Rather, it is within the jurisdiction of the Middle District of Florida.

The venue statute provides that a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b)(1),(2). Venue is not appropriate

in this Court, but would be in the Middle District of Florida. The proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(b) is the Ft. Myers Division of the Middle District of Florida.

When a case is filed in the wrong division or district, the venue statute provides that the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A court may raise the issue of defective venue sua sponte, but should not dismiss an improperly filed case for lack of venue without giving the parties an opportunity to respond. Kapordelis v. Danzig, 387 F. App'x 905, 906 (11th Cir. 2010); Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988). Justice is better served by transferring this case to the appropriate forum rather than dismissing it. There is no need for a hearing prior to directing transfer.

Despite the fact that Plaintiff did not respond to the prior Order, it is recommended that this case be transferred. Plaintiff should heed the warning, however, that if he does not respond to future Court orders, his case may, again, be dismissed for failure to prosecute.

Case No. 4:19cv130-RH/CAS

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1406(a), it is respectfully **RECOMMENDED** that this case be transferred to the United States District Court for the Middle District of Florida, Ft. Myers Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on September 24, 2019.

 s/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**